IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL DUANE JOHNSTON,

        Plaintiff,

                                        2:19-cv-00485-MV-KRS

v.

EQUIFAX, INC.,

        Defendant

### ORDER GRANTING IN PART MOTION FOR STAY OR AN EXTENSION OF TIME AND DENYING MOTION TO DISALLOW

**THIS MATTER** comes before the Court on Defendant's motion to stay or to extend time to answer (Doc. 6), and Plaintiff's motion to disallow stay or an extension of time. (Doc. 9). Plaintiff *pro se* originally filed this lawsuit in the Twelfth Judicial District Court for Otero County, New Mexico. Plaintiff alleges Equifax was negligent in failing to safeguard his personal information, which was compromised as part of the largescale data breach Equifax experienced in 2017. (Doc. 1-1). Defendant removed this matter on May 24, 2019 based on the Court's diversity jurisdiction. (Doc. 1).

Since removing the case, Defendant has asked for a stay of proceedings or an extension of time to answer. Defendant explains that it has informed the multidistrict litigation panel assigned to the data breach of this case as a so-called "tag along action." It appears the panel has granted a Conditional Transfer Order pending final determination that the case is sufficiently related to *In re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800, to proceed in that forum. In Plaintiff's response, styled as a motion to disallow, Plaintiff objects because he does not live in Georgia, where the MDL panel is located.

Plaintiff's objection is not grounds to deny an extension of time or stay. Congress established a Judicial Panel on Multidistrict Litigation in 1968 that allows civil actions with one or more common questions of fact pending in two or more federal judicial districts to be transferred to a single federal district court for pretrial proceedings. *See* 28 U.S.C. § 1407. If a case is appropriate for transfer, the distance of the single transferee court is of no legal consequence under the statute. *See id.* Thus, Plaintiff's objection is without merit.

Because there is a Conditional Transfer Order in place, the Court concludes an extension of time is warranted so that the Court does not duplicate efforts of the MDL. Since some time has elapsed since the conditional order was filed, the Court will direct Defendant to submit a status report to determine whether the panel has made a final determination on transfer.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for stay or an extension of time (Doc. 6) is **GRANTED in part** and **DENIED in part**. The Court will not stay the case, but will grant an extension of time to **October 13, 2019**, *nun pro tunc* to the date Defendant filed its motion to extend.

**IT IS FURTHER ORDERED** that Plaintiff's motion to disallow (Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant file a status report on or before **October 13, 2019** as to whether a final determination has been made to transfer this case. If no decision has been made, the Court will extend the answer deadline for another thirty days.

**IT IS FURTHER ORDERED** that in light of the procedural posture of this case, the Court finds **GOOD CAUSE** to delay the entry of a scheduling order under Fed. R. Civ. P. 16.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE